UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-74-BO

| | |
|---|---|
| THOMAS GRAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HUDSON ROCKY MOUNT ACQUISITION, ) | |
| LLC, d/b/a ROCKY MOUNT TOYOTA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the alternative motions of defendant to either dismiss this action or to compel arbitration. For the reasons that follow, defendant's motion to dismiss is denied and the motion to compel arbitration is granted.

BACKGROUND

Plaintiff initiated this lawsuit against defendant on February 11, 2021, bringing claims under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e, *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and a common law state claim for violation of North Carolina public policy. DE 1. Plaintiff alleges defendant terminated him because of his race and age in violation of Title VII and the ADEA and wrongfully discharged him in violation of the public policy of the state of North Carolina.

At or near the start of plaintiff's employment, defendant provided plaintiff with documents, including a Mutual Agreement to Arbitration Claims (arbitration agreement), which plaintiff digitally signed. DE 10-1, ¶¶ 13–15. The arbitration agreement provides that "all legally cognizable disputes which arise between employees and the Company, or its managers, based on

any claim arising out of or in any way relating to the employment of the individual with this Company, which cannot be resolved internally, must be submitted to binding arbitration." *Id.* at Ex. A. The arbitration agreement contains an acknowledgement and agreement preceding the employee's signature. *Id.*

## DISCUSSION

The Federal Arbitration Act (FAA) "reflects a liberal federal policy favoring arbitration agreements." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quotations omitted). A district court must stay proceedings and compel arbitration if the moving party demonstrates: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or refusal of the nonmovant to arbitrate the dispute. *Id.* at 500–01. In determining whether the parties agreed to arbitrate, courts apply state law principles governing contract formation. *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 85 (4th Cir. 2016).

Defendant moves to compel arbitration of plaintiff's claims pursuant to the terms of the arbitration agreement. Plaintiff has responded to defendant's motion agreeing to participate in arbitration. A dispute exists, as the complaint alleges violations of Title VII, the ADEA, and North Carolina common law, which defendant denies. Plaintiff does not dispute the existence or validity of the arbitration agreement, and the instant dispute clearly falls within the scope of the agreement. Plaintiff's employment and the arbitration agreement involved interstate commerce for purposes of the FAA. Plaintiff filed his complaint in this Court rather than submitting his claims to arbitration. The Court finds that the relevant factors are met here, and that plaintiff should be compelled to arbitrate his claims.

2

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss [DE 9] is DENIED, and defendant's motion to compel arbitration [DE 9] is hereby GRANTED. This case is STAYED pending arbitration. In light of the stay, the Clerk is DIRECTED to remove this matter from the Court's active docket. The parties are ORDERED to notify the Court within fourteen days of the conclusion of arbitration as to whether any claims or issues remain for this Court to resolve.

SO ORDERED, this 28 day of April, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE